IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2014 MAR 3 AM 10:50

WATER'S EDGE ASSOCIATES, a )
Washington general partnership; KEY )
PROPERTY SERVICES, INC., a )
Washington corporation, WATER'S )
EDGE HOMEOWNERS' ASSOCATION,)
a Washington non-profit corporation, )
         )
    Appellants, )
         )
    v. )
         )
FARMERS INSURANCE EXCHANGE, )
a foreign corporation; MID-CENTURY )
INSURANCE COMPANY, a foreign )
corporation; and TRUCK INSURANCE )
EXCHANGE, a foreign corporation, )
         )
    Respondents. )
_____)

No. 71066-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 3, 2014

BECKER, J. — A homeowners' association appeals from the dismissal on summary judgment of an assigned bad faith claim against Farmers Insurance. We affirm.

The background facts are set forth in the opinion in the previous case. Water's Edge Homeowners Ass'n v. Water's Edge Assocs., 152 Wn. App. 572, 216 P.3d 1110 (2009), review denied, 168 Wn.2d 1019 (2010). We will not repeat them here.

This court reviews an order granting summary judgment de novo, performing the same inquiry as the trial court. Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wn.2d 692, 698, 952 P.2d 590 (1998). Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact. CR 56(c). The party opposing summary judgment may not rely on speculation or argumentative assertions that unresolved factual issues remain—the nonmoving party must set forth specific facts that show a genuine issue as to a material fact exists. Herman v. Safeco Ins. Co. of Am., 104 Wn. App. 783, 787-88, 17 P.3d 631 (2001).

Bad faith is a tort—plaintiffs must prove duty, breach, causation, and damages. Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc., 161 Wn.2d 903, 916, 169 P.3d 1 (2007). A liability insurer has two principal duties to its insured: the duty to defend and the duty to indemnify. Mut. of Enumclaw, 161 Wn.2d at 914. In order to establish liability for bad faith, an insured or the insured's assignee is required to show that the insurer breached one of these duties and that the breach was unreasonable, frivolous, or unfounded. Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 560, 951 P.2d 1124 (1998). Where an insurer's conduct is reasonable, the insurer does not act in bad faith. Transcon. Ins. Co. v. Wash. Pub. Utils. Dists.' Util. Sys., 111 Wn.2d 452, 470, 760 P.2d 337 (1988).

Here, the plaintiff is the Water's Edge Homeowners' Association, as assignee of bad faith claims by the former owner of the condominium complex, Water's Edge Associates, and the company they hired to perform maintenance

and repairs, Key Property Services. The Association claims that Farmers

breached its duty in four ways:

> **Issue 1**: Did Farmers' failure to reserve rights for 10 to 12 months after appointment of counsel to represent its insured constitute bad faith as a matter of law?
> **Issue 2**: Did Farmers' failure to disclose several-liability defenses under RCW 4.22.070, and 9-month delay in appointing separate legal counsel for WEA and KPS constitute bad faith in breach of its duty to defend?
> **Issue 3**: Did Farmers' failure to provide coverage updates, and failure to disclose the amount of indemnity available to settle, constitute bad faith in breach of its duty to defend?
> **Issue 4**: Did Farmers elevate its own financial interests above potential risks to its insured, in breach of its duty to defend?

Brief of Appellant at 2.

Farmers responds that the bad faith claim must fail because, regardless of

the four allegations, (1) it is undisputed that Farmers fully defended and

indemnified both insureds in the underlying suit and (2) the insureds cannot

prove damages.

Farmers assigned counsel to defend its insureds. First Tom Heinrich,

then Bruce White represented them up through December 2006. At that point,

the Association had begun to collude with the insureds to set Farmers up for a

bad faith claim. As a result of the collusion, the two insureds insisted that White

had a conflict because he was representing both of them. White withdrew, and

Farmers appointed separate defense counsel for each insured. The collusive

parties excluded Farmers and White from the negotiation of the stipulated

settlement agreement. By the terms of this agreement, the insureds were

released in exchange for their contribution of $215,000. Farmers paid the

$215,000.

3

This case is simple. Farmers provided defense counsel to its insureds. At the first mention of a possible conflict created by joint representation, Farmers appointed separate counsel for each insured. When presented with a settlement contract that would unconditionally release the insureds from all liability in exchange for a cash payment of $215,000, Farmers paid $215,000. The record is insufficient to establish breach of duty by Farmers.

The Association claims $90,000 in attorney fees incurred to hire outside counsel as the only damages caused by the alleged bad faith of Farmers. Even assuming that Farmers breached a duty to defend in one of the ways alleged by the Association, the record is insufficient to prove that the conduct by Farmers caused the insureds to hire outside counsel. Rather, the hiring of outside counsel was a choice the insureds made as part of deliberate strategy developed in collusion with the Association.

Because the plaintiffs do not establish breach or damages, summary dismissal was appropriate.

Affirmed.

Becker, J.

WE CONCUR:

Leach, C.J.

Appelwick, J.

4